No. 55,646

In The Matter of Robert Earl Davis, DOB: 1/22/67, *Appellant.*

(674 P.2d 1045)

Opinion filed January 13, 1984.

*Martin L. Miller,* of Lawrence, argued the cause and was on the brief for the appellant.

*Jerry L. Harper,* district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Jean S. Sagan,* assistant district attorney, were with him on the brief for the appellee State of Kansas.

The opinion of the court was delivered by

Prager, J.: This is a direct appeal by Robert Earl Davis following his conviction of rape (K.S.A. 21-3502), aggravated robbery (K.S.A. 21-3427), and aggravated assault (K.S.A. 21-3410). The primary issue raised on the appeal involves the interpretation of a section of the Kansas Juvenile Offenders Code adopted by the 1982 Kansas legislature.

The facts in the case are essentially undisputed and are as follows: During the months of January and February, 1983, defendant Davis was involved in assaults on three different women. Each of the assaults occurred in an area near the Kansas University campus in Lawrence. In each instance, defendant threatened his victim with a knife and proceeded either to take her property or to compel her to have sexual relations. On February 11, 1983, four days after the last offense, defendant was stopped by a Kansas University police officer in the area where the three attacks had occurred. Defendant fit the physical description of the assailant given by the victims. He was wearing

similar clothing and carried a knife which matched the description given by the victims. Defendant was taken to the Law Enforcement Center for questioning and, after being advised of his *Miranda* rights, voluntarily waived them and admitted to attacking the three young women. Defendant was arrested and, since defendant was sixteen (16) years of age, a juvenile offender complaint was filed against him. The complaint charged five counts, all of which would be felonies if committed by an adult.

On February 18, 1983, following a detention hearing, the district attorney filed a motion for authorization to prosecute defendant as an adult pursuant to K.S.A. 1982 Supp. 38-1636 which provides as follows:

"38-1636. **Authorization for prosecution as an adult.** (*a*) At any time after commencement of proceedings under this code against a respondent who was 16 or more years of age at the time of the offense alleged in the complaint and prior to entry of an adjudication or the beginning of an evidentiary hearing at which the court may enter adjudication as provided in K.S.A. 1982 Supp. 38-1655, the county or district attorney may file a motion requesting that the court authorize prosecution of the respondent as an adult under the applicable criminal statute.

"(*b*) *The motion may also contain a statement that the prosecuting attorney will introduce evidence of the offenses alleged in the complaint and request that, on hearing the motion and authorizing prosecution as an adult under this code, the court may make the findings required in a preliminary examination provided for in K.S.A. 22-2902 and amendments thereto and the finding that there is no necessity for further preliminary examination.*

"(*c*) Upon receiving a motion to authorize prosecution as an adult, the court shall set a time and place for hearing on the motion. The court shall give notice of the hearing to the respondent, each parent of the respondent, if service is possible, and the attorney representing the respondent. The motion shall be heard and determined prior to any further proceedings on the complaint.

"(*d*) If the respondent fails to appear for hearing on a motion to authorize prosecution as an adult after having been properly served with notice of the hearing, the court may hear and determine the motion in the absence of the respondent. If the court is unable to obtain service of process and give notice of the hearing, the court may hear and determine the motion in the absence of the respondent after having given notice of the hearing once a week for two consecutive weeks in a newspaper authorized to publish legal notices in the county where the hearing will be held.

"(*e*) In determining whether or not prosecution as an adult should be authorized, the court shall consider each of the following factors: (1) The seriousness of the alleged offense and whether the protection of the community requires prosecution of an adult; (2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner; (3) whether the offense was against a person or against property, greater weight being given to offenses against persons, especially if personal injury resulted; (4) the number of alleged offenses unadjudicated and pending against the respondent; (5) the previous

history of the respondent, including whether the respondent had been adjudicated a delinquent or miscreant under the Kansas juvenile code or a juvenile offender under this code and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior or patterns of physical violence; (6) the sophistication or maturity of the respondent as determined by consideration of the respondent's home, environment, emotional attitude, pattern of living or desire to be treated as an adult; (7) whether there are facilities or programs available to the court which are likely to rehabilitate the respondent prior to the expiration of the court's jurisdiction under this code; and (8) whether the interests of the respondent or of the community would be better served by criminal prosecution. The insufficiency of evidence pertaining to any one or more of the factors listed in this subsection shall not in and of itself be determinative of the issue. Subject to the provisions of K.S.A. 1982 Supp. 38-1653, written reports and other materials relating to the respondent's mental, physical, educational and social history may be considered by the court.

"(f) The court may authorize prosecution as an adult upon completion of the hearing if the court finds that the respondent was 16 or more years of age at the time of the alleged commission of the offense and that there is substantial evidence that the respondent should be prosecuted as an adult for the offense with which the respondent is charged. In that case, the court shall direct the respondent be prosecuted under the applicable criminal statute and that the proceedings filed under this code be dismissed.

"(g) If the respondent is present in court and the court also finds from the evidence that it appears a felony has been committed and that there is probable cause to believe the felony has been committed by the respondent, the court may direct that there is no necessity for further preliminary examination on the charges as provided for in K.S.A. 22-2902 and amendments thereto. In that case, the court shall order the respondent bound over to the district judge or associate district judge having jurisdiction to try the case.

"(h) If the respondent is convicted, the authorization for prosecution as an adult may attach and apply to any future acts by the respondent which are or would be cognizable under this code if the order of the court so provides." (Emphasis supplied.)

The motion contained the statement that the prosecuting attorney would present evidence of the offenses alleged in the complaint and requested that, on hearing the motion and authorizing prosecution as an adult under the code, the court make the findings required in a preliminary hearing as provided for in K.S.A. 22-2902 and direct that there is no necessity for further preliminary examination on the charges and order defendant bound over to the district court having jurisdiction to try the case. The waiver hearing was set for March 10, 1983.

Prior to the waiver hearing, defendant moved to limit the evidence at the waiver hearing solely to his status as a juvenile or an adult. The court ruled that it did not have the right to deny the

prosecution an opportunity to present evidence concerning the offenses at the waiver hearing, and defendant's motion to limit evidence was denied. The waiver hearing was then held on March 10 and 11, 1983. Thirteen witnesses testified, including the three female victims who testified as to the manner in which the alleged offenses were committed. Other witnesses testified as to the defendant's basic life style and activities. A clinical psychologist gave his opinion that defendant was a danger to himself and especially to society and that a minimum of six years treatment would be needed for his rehabilitation. A member of the staff of the Youth Center of Topeka testified that that facility was not totally secure and that the average stay at the Youth Center was two and one-half years. It also appeared from the testimony that defendant had a prior adjudication for burglary and that he had been released from his probation on February 10, 1983, shortly after the three offenses were committed, but before it was determined that defendant was involved.

At the conclusion of the evidence, the court stated its findings as to each of the eight statutory factors set forth in K.S.A. 1982 Supp. 38-1636(e). It found that there was substantial evidence to support the prosecution of Robert Earl Davis as an adult. The court then ordered the State to continue the proceedings as adult proceedings. The State thereupon renewed its request (1) that the court find that there had been sufficient evidence provided to establish probable cause, and (2) that the court direct that there was no need for further preliminary examination on the charges. The court held that sufficient evidence had been presented to show probable cause and that the waiver proceeding would serve as the preliminary hearing, and there was "not a necessity for further preliminary examination on the charges." Thereafter, defendant entered a plea of nolo contendere to one count each of rape, aggravated robbery, and aggravated assault. The defendant has only appealed from the order authorizing his prosecution as an adult entered pursuant to K.S.A. 1982 Supp. 38-1636.

The first issue raised by defendant on the appeal is that the district court erred by interpreting K.S.A. 1982 Supp. 38-1636 to *require* the court at the waiver hearing to permit the prosecuting attorney to present evidence of the alleged offenses which would properly be introduced at a preliminary hearing. Stated in an-

other way, if the prosecutor offers such evidence, must the court permit such evidence at the waiver hearing? The issue presented is one of first impression and requires an interpretation of K.S.A. 1982 Supp. 38-1636. Defendant argues that the language of K.S.A. 1982 Supp. 38-1636(*b*) does not make it mandatory for the prosecutor to present evidence in the format of a preliminary examination in order to show the existence of the alleged offense. Defendant maintains that the juvenile court does not have to grant the request nor make the findings required in a preliminary examination, and that the decision to permit the introduction of such evidence and to make the findings as in preliminary examination rests in the sound discretion of the juvenile court. In support of his position, defendant relies on the philosophy of prior decisions of the Kansas appellate courts and argues that presenting such evidence at the waiver hearing is contrary to the construction and purpose of the juvenile code in that it gives undue weight to the offense, and is, therefore, prejudicial to the juvenile.

It is the position of the State that the language of K.S.A. 1982 Supp. 38-1636 is clear and unambiguous. It contends that the statute clearly vests in the prosecutor the discretion whether or not to present evidence of the alleged offenses. The State points out that such evidence is often necessary to prove some of the eight statutory factors which the court must consider in determining the waiver issue, such as whether the offense was committed in an aggressive, violent, premeditated, or willful manner. The State maintains that the statutory provision permitting the waiver hearing to serve as a preliminary examination indicates legislative recognition that it is often necessary to call the same witnesses to show the manner in which the crime occurred as it is to show *that* the crime occurred. In short, the State argues that the statute clearly provides for prosecutorial discretion as to whether or not to present relevant evidence of the offenses, and judicial discretion to determine whether or not that evidence, if presented, establishes probable cause for prosecutorial purposes.

In support of its position, the State points out that at least the first three of the statutory factors to be considered under K.S.A. 1982 Supp. 38-1636(*e*) reasonably require evidence of the alleged offenses to the extent of a preliminary examination. The

State points out that the new statutory procedure makes it possible to avoid unnecessary delays, relieves both the defendant and the State of the burden of presenting the same evidence twice, reduces the inconvenience to the victims and other witnesses, and frees up much-needed court time.

We have considered the language of K.S.A. 1982 Supp. 38-1636 and the contentions of the parties and have concluded that the trial court did not err in interpreting the statute to require the court at the waiver hearing to permit the prosecuting attorney to present any relevant evidence of the offenses alleged in the complaint which could properly be offered at a preliminary hearing. In conducting the waiver hearing, a trial court has a broad judicial discretion to conduct the hearing as the circumstances of the case may require. In its sound discretion, the court may close certain portions of the hearing and open other portions. This was the procedure followed by the trial court in the case now before us. We agree with the State that it lies within the discretion of the prosecutor whether to present evidence of the alleged offenses at the waiver hearing. The prosecutor also has the discretion whether to request the court to make the findings required in a preliminary examination by K.S.A. 22-2902 and the finding that there is no necessity for a further preliminary examination. The court must then act judicially to determine whether it should consider the evidence as probative only on the issue of waiver or for the purpose of establishing probable cause. We find no error in the ruling of the trial court in this regard.

The defendant's second point on the appeal is that the trial court erred in finding that the defendant should be prosecuted as an adult because there was no substantial evidence to support that finding. The record discloses that the trial court listened to the testimony of thirteen witnesses over a period of two days. At the conclusion of the hearing, the trial court entered its decision setting forth in the record its comprehensive findings as to each of the eight statutory factors. There was substantial competent evidence to support the findings of the trial court (1) that the offenses were serious and committed in an aggressive and violent manner against the persons of others; (2) that the defendant was on probation for burglary at the time the offenses were committed; (3) that the defendant had maturity and the ability to act in a socially acceptable manner; (4) that existing juvenile

facilities could not treat and rehabilitate the defendant prior to the expiration of the court's jurisdiction under the juvenile code; and (5) that the interests of the community would be better served by criminal prosecution. We hold there was substantial evidence to support the findings of the trial court that defendant should be prosecuted as an adult.

The defendant's final contention is that the trial court erred in permitting the prosecutor to ask certain questions on cross-examination of defendant, because they were outside the scope of direct examination. We find no error. The questions asked of defendant by his counsel on direct examination were concerned with defendant's maturity and life goals. The questions presented by the prosecutor on cross-examination were reasonably relevant in that regard.

The judgment of the district court is affirmed.